277 So.2d 816 (1973)
J.E. GOLDEN and Ruth M. Golden, His Wife, Appellants,
v.
C.E. HAYES, Appellee.
No. S-18.
District Court of Appeal of Florida, First District.
May 22, 1973.
A.L. Johnson, of Johnson & Johnson, Milton and Joe J. Harrell, of Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellants.
*817 John U. Thompson, Pensacola, for appellee.
JOHNSON, Judge.
Appellants seek reversal of a final judgment declaring appellee to be the owner of all oil and mineral rights in and under certain property described in a warranty deed dated and recorded on July 12, 1954.
On June 23, 1954, appellee executed and placed on record a warranty deed conveying certain property, but retaining all oil and mineral rights in and to the property. The description of the property and the spelling of one of the grantee's name was erroneous. Hence, on July 12, 1954, another warranty deed was executed and recorded. After a correct description of the property was set forth, this latter deed contained the following words:
"This is a correction deed executed for the purpose of correcting errors in a previous deed dated June 23, 1954 executed by the grantors herein to the grantees herein and found recorded in deed book 110 at page 469 of the public records of Santa Rosa County, Florida."
Thereafter, this same property was conveyed to other persons on three subsequent occasions until the appellants herein became the grantees in 1962. Except for the reservation made in the June 23, 1954 deed, no reference was made in any subsequent deed to any oil or mineral reservation in appellee.
Appellee filed the present suit seeking a declaration that appellants had no right, title or interest in the minerals because of the original reservation contained in the June 23, 1954 deed. The trial court found that the parties to the June 23rd and the July 12th deeds intended only to correct errors in description and not to enlarge the grant of the earlier deed to include oil and mineral rights previously retained. Appellee was declared to be the owner of all oil and mineral rights in and to the subject property.
We must agree with the findings and conclusions of the court below. A deed containing an incorrect description or a misspelling of names may be corrected by a subsequent instrument clearly identified as a correction deed. Said deed need not restate all material portions of the deed being corrected if such portions contain no errors. Both instruments will be construed together. 23 Am.Jur.2d, "Deeds", § 287. In the present case, the July 12, 1954 correction deed clearly and unequivocally relates to and identifies the June 23, 1954 deed and both deeds are recorded. The correction deed of July 12th was placed on record before anyone else's rights intervened and both deeds were record notice to subsequent purchasers. Appellants, as well as all other subsequent grantees, had clear notice of appellee's reservation of oil and mineral rights by virtue of the direct reference in the July 12th correction deed to the June 23rd instrument it was correcting. Thus, appellants' points on appeal concerning reformation of deeds when the rights of subsequent bona fide purchasers for value have intervened and estoppel are without merit.
For the reasons stated herein, the judgment of the trial court is affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.